IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-00616-EWN-PAC

ROBERT A. NEELY,

      Plaintiff,

v.

C.D.O.C. - JOE ORTIZ, *et al.*,

      Defendants.

_____

## ORDER ON MOTION FOR RECONSIDERATION
_____

**Patricia A. Coan, United States Magistrate Judge**

      This is a prisoner civil rights action originally filed April 9, 2003. Plaintiff has been

appointed counsel, but according to the Motion for Expedited Order Regarding Attorney-

Client Communication, filed May 13, 2005, plaintiff experienced difficulties with having

the CDOC pay postage to send legal mail to his counsel. In my June 2, 2005 order, I

granted the plaintiff's motion and ordered the CDOC to treat all correspondence from

plaintiff to his counsel, Mr. Gurr or Ms. Roche at the Kamlet, Shepherd & Reichert law

firm, as "legal mail" and to pay postage for such correspondence at the CDOC's

expense. The CDOC defendants then filed the Motion for Reconsideration (of the June

2, 2005 Order) on June 8, 2005. They seek modification of that part of the June 2, 2005

order requiring the CDOC to pay postage for mail plaintiff sends to his counsel.

      Prison legal mail procedures are designed to protect a prisoner's "constitutional

right of access to the courts for the purpose of presenting his claims, a right that prison

officials cannot unreasonably obstruct and that states have affirmative obligations to assure." *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir.1986). "As a corollary of his right of access, a prisoner has a right to correspond with his legal counsel." *Id.* (Cited in *Abbott v. Avis*, No. 92-4076, 1992 WL 403113, at *2 (10th Cir. Dec. 30, 1992).) Plaintiff's previously filed Motion for Expedited Order, which documented (at ¶¶ 11, 12) his difficulties with sending outgoing mail to his counsel, included an exhibit which is a copy of a "Misc. Withdrawal Ticket" dated April 20, 2005 that requests postage for legal mail to plaintiff's counsel. Written over that request with a large "X" is the statement "you have no money." Plaintiff sent the documents intended for his counsel to the U.S. District Court, one of the addressees that the prison mail officer deemed to be appropriate. Plaintiff's counsel became aware of the plaintiff's difficulties because documents were being forwarded and because plaintiff filed a *pro se* motion on April 25, 2005.

Regulations limiting legal mail (to two letters per week) historically have been upheld previously because "[p]risoners do not have an unlimited right to free postage in connection with the right of access to the courts. Reasonable regulations are necessary to balance the rights of prisoners with budgetary considerations." *Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir.1978)(citation omitted). Accordingly, I will allow the CDOC to debit plaintiff's account for postage charges for legal mail sent to his appointed counsel. CDOC officials are admonished not to prohibit plaintiff from sending correspondence to his counsel.

For these reasons, the CDOC defendants' Motion for Reconsideration [filed June 7, 2005] is **granted in its entirety**.

2

Dated this 13th day of July 2005.

BY THE COURT:

 s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge

--------------------------------------------------------------------------------
 (Cite as: 986 F.2d 1426, 1992 WL 403113 (10th Cir.(Utah)))

--------------------------------------------------------------------------------

986 F.2d 1426 (Table), 1992 WL 403113 (10th Cir.(Utah))
Unpublished Disposition
NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA10 Rule 36.3 for rules regarding the citation of unpublished opinions.)


United States Court of Appeals, Tenth Circuit.
Jeffrey L. ABBOTT, Sr., Plaintiff-Appellant,
v.
Daniel AVIS, Prison Guard, Lieutenant; Scott Carver, Prison Guard, Deputy
Warden; Wayne Freestone, Contract Attorney; Jay Leslie, Prison Guard,
Captain; Ken England, Prison Guard; Bruce Daniels, former Prison Guard,
Deputy Warden; George Taylor, Prison Special Operations Guard; Al Lolohea,
Prison Special Operations Guard, Defendants-Appellees.
No. 92-4076.
Dec. 30, 1992.

D. Utah, No. 92-CV-4.
D.Utah
AFFIRMED.

Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.


ORDER AND JUDGMENT [FN*]

SEYMOUR, Circuit Judge.
**1

--------------------------------------------------------------------------------

(Cite as: 986 F.2d 1426, 1992 WL 403113, **1 (10th Cir.(Utah)))

--------------------------------------------------------------------------------

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Jeffrey Lynn Abbott, a pro se prisoner, brought this action under 42 U.S.C. § 1983 (1988) alleging numerous constitutional violations arising from the conduct of prison officials and prison contract attorneys with respect to Abbott's legal mail. Prison officials allegedly searched Abbott's cell in his absence, seized his legal mail pouch, and passed it along to the prison contract attorneys. The contract attorneys allegedly read the contents of the pouch, including some legal correspondence between Abbott and his court-appointed attorney, and "verbally reprimanded" Abbott for having some nonlegal materials in his legal mail pouch. Abbott recovered his materials ten days after they were confiscated. Abbott also alleges that the contract attorneys disclosed to prison officials the contents of a lawsuit that Abbott intended to file.

In his complaint, Abbott alleged that: (1) his First and Fourteenth Amendment rights were violated when defendants confiscated his legal materials without following their own procedures and without providing due process; (2) his Fourth and Fourteenth Amendment rights were violated when defendants illegally searched, seized, transferred, and read his legal materials; (3) he was denied due process when the prison contract attorneys administered a "verbal reprimand" to him without giving him twenty-four hours notice; and (4) his Fourth and Fourteenth Amendment rights were violated when the prison contract attorneys disclosed to prison officials that Abbott intended to file a lawsuit over the confiscation.

The district court adopted the magistrates report and recommendations and dismissed the complaint as frivolous. In so doing, the court agreed with the magistrate that the Fourth Amendment does not apply to the search of a prison cell; that the contract attorneys acted as Abbott's agent rather than under color of state law when they read his legal mail, gave him a "verbal reprimand," and explained to him the difference between legal and nonlegal materials; and that Abbott had failed to allege any actual interference with his right of access to the courts.

On appeal, Abbott contends only that his First, Fourth, and Fourteenth amendment rights were violated when defendants failed to follow prison policy on the confiscation of legal mail pouches. Abbott asserts that the mandatory nature of this policy gave him a liberty interest in those procedures. In addition, Abbott asserts that the lower court erred in concluding that the prison contract attorneys were not acting under color of state law when they read his mail and disclosed his lawsuit to prison officials. [FN1] Because we conclude that Abbott has failed to allege any cognizable constitutional deprivations, we do not determine whether the contract attorneys were acting under color of state law.

**2

-------------------------------------------------------------------------------
(Cite as: 986 F.2d 1426, 1992 WL 403113, **2 (10th Cir.(Utah)))

-------------------------------------------------------------------------------

A claim is legally frivolous under 28 U.S.C. § 1915(d) if it is based on "an indisputably meritless legal theory." Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Because Abbott is proceeding pro se, we construe his pleadings liberally and hold them to a less stringent standard than that applied to formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id. Under the above standards, we conclude that the district court did not abuse its discretion in dismissing under section 1915(d). See Denton, 112 S.Ct. at 1734.

Abbott's claim that he has a "liberty interest" in the prison's legal mail procedures themselves is indisputably without legal merit. "[A]n expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." Olim v. Wakinekona, 461 U.S. 238, 250 n. 12 (1983). "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." Id. at 250.

The prison legal mail procedures at issue here were designed to protect a prisoner's "constitutional right of access to the courts for the purpose of presenting his claims, a right that prison officials cannot unreasonably obstruct and that states have affirmative obligations to assure." Washington v. James, 782 F.2d 1134, 1138 (2d Cir.1986). "As a corollary of his right of access, a prisoner has a right to correspond with his legal counsel." Id. Construing Abbott's brief on appeal broadly, the only legally cognizable constitutional claim it presents is the allegation that defendants' failure to follow their policies when they confiscated, handled, and read his legal mail unreasonably interfered with his right of access to the courts.

Although this sets out a viable constitutional claim in the abstract, Abbott has alleged no facts tending to show that the conduct about which he complains actually interfered with his ability to present his legal claims in court. "[A]n isolated incident, without any evidence of improper motive or resulting interference with [Abbott's] right to counsel or to access to the courts, does not give rise to a constitutional violation." Smith v. Maschner, 899 F.2d 940, 944 (10th Cir.1990); see also Twyman v. Crisp, 584 F.2d 352, 357-59 (10th Cir.1978) (appellant must show that he has somehow been prejudiced in presenting his cases). Absent any factual allegations tending to show that Abbott's ability to confer with his counsel or to pursue his litigation was in any way impaired by defendants' conduct, his complaint was properly dismissed as frivolous.

AFFIRMED.

FN* This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3.

FN1. In his brief on appeal, Abbott does not raise the district court's rejection of his Fourth Amendment search and seizure claim. He also does not reassert any claim arising from the alleged "verbal reprimand" he received from the contract attorneys. Accordingly, we deem these arguments abandoned.

C.A.10 (Utah),1992.
Abbott v. Avis
986 F.2d 1426 (Table), 1992 WL 403113 (10th Cir.(Utah)) Unpublished Disposition
END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.